IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-87-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| MICHAEL SHANE BEALE, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Cumberland County Sheriff's Office assigned to a Bureau of Alcohol, Tobacco, Firearms and Explosives task force. The defendant presented the testimony of the proposed third-party custodian, his father. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a one-count indictment on 14 March 2012 with possession of a firearm and ammunition by a felon on 12 October 2011 in violation of 18 U.S.C. § 922(g)(1). The evidence presented at the hearing showed that the charges arise from a warrantless search of

defendant's residence on the alleged offense date pursuant to the intensive state probation supervision he was then under. Officers located the .22 caliber pistol which is the subject of the indictment under the mattress of the bed in his bedroom. They also found .22 caliber ammunition in the bedroom next to his wallet. A probation officer knew the bedroom where the pistol and ammunition were found was defendant's based on his prior experience supervising him. Although defendant initially denied knowledge of the gun, he eventually admitted that he had obtained it, purportedly for self-protection. At the time the pistol was located, defendant was a convicted felon.

## **Discussion**

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including its commission while defendant was on intensive probation and relative recency; defendant's criminal record, including 4 felony convictions (1 committed in 2007 and the other 3 in 2010), 14 misdemeanor convictions, 6 probation revocations, commission of 6 offenses while on probation (including the 3 most recent felonies), and over 30 failures to appear; the danger of continued drug-related offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's seeming lack of adequate physical capacity to carry out the duties of custodian and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lifelong residence in the community. It finds, however, that the factors favoring detention outweigh such

evidence. Of particular significance are defendant's poor performance on probation, his numerous failures to appear, and the focus of his offense conduct in recent years on felonious behavior.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 15th day of May 2012.

_____
James E. Gates
United States Magistrate Judge